IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| PAM J. SMITH AND GLORIA CLIFTON, | ) ) ) Case No. 1:08CV00053 |
| Plaintiffs, | ) ) |
| | ) **OPINION AND ORDER** |
| v. | ) ) By: James P. Jones |
| UNITED SALT CORPORATION, ET AL., | ) Chief United States District Judge ) ) |
| Defendants. | ) |

*Terry N. Grimes and Melvin E. Williams, Grimes & Williams, Roanoke, Virginia, for Plaintiffs; Jeremy E. Carroll, Glenn, Feldman, Darby & Goodlatte, Roanoke, Virginia, for Defendant United Salt Corporation.*

The defendant employer in this employment discrimination case has moved to dismiss for failure to state a claim. In addition, the defendant has moved to sever the claims of the two plaintiffs. For the reasons stated hereafter, I will deny the motions.

The plaintiffs allege that they were both hired by the defendant, United Salt Corporation, in the spring of 2008, and were thereafter subjected to aggressive, physical sexual advances by the company's plant manager, which they detail in their joint Complaint. One of the plaintiffs, Ms. Smith, alleges that as a result of this harassment, her doctor removed her from work; the other plaintiff, Ms. Clifton, alleges that she was fired after she complained about the plant manager's conduct.

The plaintiffs assert that the defendant company had only recently hired women at this location and that "some of the men in the plant did not like the fact that defendant . . . employed women." (Compl. ¶ 19.)

The plaintiffs' seek recovery pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003), and pendent state causes of action for assault and battery and intentional infliction of emotional harm.

As the Fourth Circuit recently noted:

> An employment discrimination claim need not include specific facts establishing a prima facie case of discrimination to survive a Rule 12(b)(6) motion, but "instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff's statement of her claim "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations and internal quotes omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965, 1974 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson,* 127 S.Ct. at 2200 (citations omitted).

*Ray v. Amelia County Sheriff's Office*, Nos. 07-2051, 08-1425, 2008 WL 5155257, at *1 (4th Cir. Dec. 9, 2008) (unpublished).

Adhering to these standards, I find that the present Complaint is not subject to dismissal. Of course, the plaintiffs may not be able to prove their claims, or even to

-2-

Case 1:08-cv-00053-GEC-mfu    Document 14    Filed 02/19/09    Page 2 of 3    Pageid#: 49

successfully resist motions for summary judgment, but they have complied with their initial pleading obligations.

The defendant also contends that the plaintiffs are improperly joined in this single action. However, I find that the allegations of the Complaint meet the test for joinder imposed by Federal Rule of Civil Procedure 20(a), in light of the similarly of time, location, and circumstances of the individual claims. *See Lee v. Dell Products, L.P.*, No. 3:06cv0001, 2006 WL 2981301, at *7-12 (M.D. Tenn. Oct. 16, 2006) (reviewing standards for severance in employment discrimination cases).

The defendant alternatively requests that the court order separate trials of the plaintiffs' claims. I will not provide for separate trials at this time, but I will reconsider the issue if requested at a later date, when the facts have been more fully developed, to the end of determining whether separate trials are necessary to protect the defendant from unfair prejudice. *See* Fed. R. Civ. P. 42(a).

Accordingly, it is **ORDERED** that the defendant's Motions to Dismiss and Motion to Sever Claims are DENIED.

ENTER: February 19, 2009

/s/ JAMES P. JONES
Chief United States District Judge